IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE MATA, Inmate #R15388,  ) | |
|                              ) | |
|       Plaintiff,       ) | |
|                              ) | |
| vs.                          ) | CIVIL NO. 06-392-WDS |
|                              ) | |
| ADRIAN FEINERMAN and WEXFORD ) | |
| HEALTH SOURCES, INC.,        ) | |
|                              ) | |
|       Defendants.     ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This action was originally filed in Illinois state court and removed to this forum by Defendants, pursuant to 28 U.S.C. § 1441. Defendants have paid the filing fee for the action.

The Court will first perform a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal –
>         (I) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed

at this point in the litigation.

### *Factual Allegations*

Plaintiff was inflicted with poliomyelitis as a child. As a result of the illness, he suffers today from a deformed foot that causes him excruciating pain and greatly limits his mobility. In 2003, while an inmate in the Illinois Department of Corrections, Plaintiff received treatment from an orthopedic specialist. This physician recommended surgery, but due to budget constraints, surgery was never scheduled. On September 3, 2003, the orthopedist did, however, provide Plaintiff with orthopedic shoes that greatly eased his pain and corrected his gait. Plaintiff was also given a low bunk/low gallery permit, restricted from heavy lifting and prolonged standing, and housed with a non-smoking cellmate. On July 8, 2004, Plaintiff's corrective shoes were confiscated by Corrections Officer Butler (not a defendant) and destroyed, despite Plaintiff's protestations. On April 24, 2005, Plaintiff was seen by Defendant Feinerman. Plaintiff told Defendant Feinerman of his destroyed shoes and resulting difficulty walking and excruciating pain. Plaintiff requested surgery to permanently correct the problem. After examining Plaintiff, Defendant Feinerman denied surgery, corrective shoes, examination by an orthopedic specialist, and despite Plaintiff's statements of severe pain and requests for treatment or pain-relieving medication, refused any additional treatment or medication.

### *Deliberate Indifference*

Plaintiff states that Defendant Feinerman was aware of Plaintiff's serious medical need, yet recklessly disregarded it by refusing to provide any treatment, thus acting with deliberate indifference in violation of the Eighth Amendment. Plaintiff also states that Defendant Wexford Health Sources, Inc. "maintained a policy of discouraging their physicians . . . from providing medical care to inmates, as a means of reducing its costs," thereby encouraging Defendant

Feinerman to refuse medical care to the Plaintiff in violation of the Eighth Amendment.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Based on these standards, Plaintiff's deliberate indifference claim cannot be dismissed at this point in the litigation.

### *State Law Claims*

Plaintiff states that Defendants' actions violated Illinois statutory law, which states in part:

> (d) All institutions and facilities of the Department shall provide every committed person with a wholesome and nutritional diet at regularly scheduled hours, drinking water, clothing adequate for the season, bedding, soap and towels and medical and dental care.

730 ILCS 5/3-7-2(d). Plaintiff also states a state law tort claim for intentional infliction of emotional distress. The Court will exercise supplemental jurisdiction over these related state law claims. *See* 28 U.S.C. § 1367.

*Summary and Conclusion*

Plaintiff is allowed to proceed against Defendants Feinerman and Wexford Health Sources, Inc., on his claim of deliberate indifference to his serious medical needs and the related state law claims. Because Defendants have already been served and have answered, the Court may dispense with ordering service.

Plaintiff is **HEREBY ORDERED** to serve upon Defendants through their attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  June 12, 2006**

                              **s/ WILLIAM D. STIEHL**
                              **DISTRICT JUDGE**