### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE MATA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ADRIAN FEINERMAN, M.D., et al., )<br>)<br>Defendants. ) | Civil Case No.   06-392-WDS |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion to remand (Doc. No. 8).  Plaintiff argues that defendants' removal was untimely.  The motion is opposed (Doc. No. 13).

Plaintiff filed his original pleading in Jefferson County Circuit Court on October 5, 2005. Summons was served on October 31, 2005.  The defendants filed motions for summary judgment on November 10, 2005.  Following a hearing, that motion was denied on January 26, 2006.  On February 16, 2006, defendants filed a motion to dismiss.  On May 1, 2006, plaintiff filed his First Amended Complaint.  The notice of removal was filed on May 18, 2006.

The issue before the Court is whether the defendants timely removed this case on the basis of federal question jurisdiction within the 30 day time period prescribed by § 1446.  Timeliness is a statutory condition of removal.  The removal statute provides, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading · · · ·" If the case stated by the initial pleading is not removable, a notice of removal "may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removeable . . . . 28 U.SC. § 1446(a), (b).

Plaintiff argues that his original pleading stated a federal civil rights claim, while the defendants maintain that plaintiff added his federal civil rights claim to his case when he filed the amended pleading.

Section 1441(a) permits a defendant to remove to federal court any civil action originally brought in state court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendants, as the removing parties, bear the burden of showing that the removal jurisdiction is proper. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

Plaintiff labeled Count I of his original pleading as a "denial of adequate medical care" claim.  He alleged facts regarding his medical care and included the following language:

> Each of the Defendants . . . acted with deliberate indifference and reckless disregard for the safety and constitutional rights of the Plaintiff in forcing him to endure excruciating pain for a prolonged period when relief was readily available, and Plaintiff's constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.
> . . .
> In committing the wrongs complained of, the Defendants caused Plaintiff to suffer and continues to suffer unnecessary pain for a prolonged period, which inflicted cruel and unusual punishment on him.
> . . .
> As a direct result of the Defendants (sic) refusal to provide prompt and adequate necessary medical care, the Plaintiff was deprived of his constitutional right to be free from cruel and unusual punishment.

(Doc. No. 3, Attachment 2, paras. 27, 31, 32).  Due to plaintiff's pro se status, the allegations in Count I would be liberally construed as stating a removeable federal civil rights claim.  Because the case stated in plaintiff's original pleading was removeable, and because that pleading was served

on October 31, 2005, the notice of removal filed more than five months later on May 18, 2006, was untimely.

IT IS RECOMMENDED that plaintiff's motion to remand (Doc. No. 8) be GRANTED. Due to a defect in removal procedures, this action should be remanded to the Second Judicial Circuit, Jefferson County, Illinois.

**SUBMITTED:  July 17, 2006  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**